## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONNA TOTTY, individually,     ) | |
| by and through her next of friend,   ) | |
| D.T., a minor child,           ) | |
|                     ) | |
|       Plaintiffs,      ) | |
|                     ) | |
| -vs-                   ) | Case No. CIV-08-572-F |
|                     ) | |
| INDEPENDENT SCHOOL DISTRICT  ) | |
| NO. I-009 OF BLAINE COUNTY,   ) | |
| STATE OF OKLAHOMA, a/k/a     ) | |
| OKEENE PUBLIC SCHOOL;       ) | |
| RON PITTMAN, individually and   ) | |
| in his official capacity as the     ) | |
| Superintendent of Okeene Public  ) | |
| School; JEFF WARDLAW, individually ) | |
| and in his official capacity as the  ) | |
| Principal of Okeene Public School;  ) | |
| MICKEY WESTFALL, individually   ) | |
| and in her official capacity as an   ) | |
| employee of Okeene Public School;  ) | |
| BOARD OF EDUCATION for the    ) | |
| Independent School District No. 1-009 ) | |
| of Blaine County, State of Oklahoma, ) | |
| a/k/a Okeene Public School;     ) | |
|                     ) | |
|       Defendants.     ) | |

## <u>ORDER</u>

Before the court is the Motion to Dismiss on Behalf of All Defendants, filed September 10, 2008 (doc. no. 12).  Plaintiffs have responded to the motion and defendants have replied.  Upon due consideration of the parties' submissions, the court makes its determination.

Background

Plaintiff, Donna Totty ("Totty"), is the mother of plaintiff, D.T., a disabled student attending Okeene Public School.  According to the complaint, Totty, prior to placing D.T. into the Okeene Public School, advised defendants of D.T.'s deep psychological problems related to abuse.  Because of D.T.'s psychological problems related to abuse from persons in authority over him, D.T. had a deep fear and mistrust of persons in authority.  Plaintiffs allege that while in the care, custody and control of Okeene Public School, D.T. was placed in a chair outdoors in the weather and placed in a "cardboard" box during his class period as a form of "punishment."  Plaintiffs also allege that D.T. was verbally and emotionally abused by his teacher, Mickey Westfall.

Plaintiffs bring this action against defendants alleging claims of negligence, negligent assault and battery, negligent infliction of emotional distress, violation of 42 U.S.C. § 1983, violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 ("Title IX"), violation of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*., violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*., and violation of section 504 of the Rehabilitation Act, 29 U.S.C. § 794 (section 504).[1]  Defendants seek to dismiss plaintiffs' complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6), Fed. R. Civ. P.

Negligence Claim

In their complaint, plaintiffs allege that "Okeene Public School, the Board and Pittman negligently" (1) failed to protect D.T. from the personal injury caused by the unusual punishments that were administered in an excessive manner; (2) failed to

---

[1]  In their complaint, plaintiffs have also alleged a cause of action under the Education of the Handicapped Act ("EHA").  Plaintiffs, however, appear to recognize that the EHA was amended and became the IDEA.  Therefore, the court construes plaintiffs' complaint as not alleging an independent cause of action under the EHA.

maintain an appropriate system of review of the administering of unusual punishment to small students; (3) failed to maintain an appropriate screening procedure that would identify students who are prone to suffer excessive psychological problems from the administering of unusual punishment; and (4) failed to adopt and maintain a policy for the control and disciplining of "high risk" students such as D.T. that did not involve the use of unusual punishment.  They also allege that "Okeene Public School, the Board, Pittman, Wardlaw and Westfall" negligently interfered with the ability of D.T. to receive an education free of injury and intimidation.  *See*, Complaint, ¶¶ 27, 28, 29, 30, and 32.  They further allege that "defendants" failed to take remedial action to remedy the assault before and after the incident; that the school failed to provide a safe and secure school environment and that "Okeene School District, Okeene Board of Education and Okeene Public School" failed to take remedial action to remedy the abuse and failed to take corrective action.  *See*, *id*., ¶¶ 18, 19, and 20.

Defendants contend that the school district defendants[2] are exempt from liability for the negligence claim.  The Governmental Tort Claims Act provides in pertinent part that "a political subdivision[3] shall not be liable if a loss or claim results from . . . [a]doption or enforcement of or failure to adopt or enforce a . . . written policy."  *See*, 51 O.S. § 155(4).  Defendants assert that plaintiffs may disagree with the school district conduct but they must seek redress through the political process. They contend that the GTCA precludes their liability for the negligent conduct alleged in the complaint.

_____

[2]  These defendants include Okeene Public School, the Board of Education, Ron Pittman, in his official capacity as Superintendent, Jeff Wardlaw, in his official capacity as Principal, and Mickey Westfall, in her capacity as employee of Okeene Public School.

[3]  The GTCA defines political subdivision to include a "school district."  *See*, 51 O.S. § 152(10).

Plaintiffs do not specifically address whether the exemption set forth in § 155(4) bars their negligence claim. None of the cases cited by plaintiffs address § 155(4). Upon review of the complaint, the court concludes that plaintiffs' negligence claim against the school district defendants is barred to the extent that it is based upon the school district defendants failure to maintain an appropriate system of review of the administering of unusual punishment to small students; failure to maintain an appropriate screening procedure that would identify students who are prone to suffer excessive psychological problems from the administering of unusual punishment, and failure to adopt and maintain a policy for the control and disciplining of "high risk" students such as D.T. that did not involve the use of unusual punishment. The court concludes that the claim as so alleged falls within the exemption of § 155(4).

The court, however, cannot conclude that plaintiffs' negligence claim is barred with respect to the claims based upon the school district defendants' failure to protect D.T. from the personal injury caused by the unusual punishments that were administered in an excessive manner; failure to take remedial action to remedy the assault before and after the incident; failure to provide a safe and secure school environment; failure to take remedial action to remedy the abuse (and failure to take corrective action) and negligent interference with the ability of D.T. to receive an education free of injury and intimidation. The court cannot say that plaintiffs' claim as alleged necessarily results from the "adoption or enforcement of or failure to adopt or enforce a . . . written policy." Defendants have not sufficiently shown that the exemption set forth in § 155(4) applies to plaintiffs' negligence claim as alleged. The court therefore concludes that defendants' motion should be denied in regard to the negligence claim    Defendants also contend that defendant Pittman is not liable on the negligence claim because he was acting within the scope of his employment. The

GTCA provides that "[i]n no instance shall an employee of the . . . political subdivision acting within the scope of his employment be named as defendant . . . ." 51 O.S. § 163(C).  The court concludes that dismissal of the negligence claim against defendant Pittman is not appropriate at this time.  In their complaint, plaintiffs seek punitive damages on the negligence claim and allege that defendants' conduct was grossly negligent and performed knowingly, intentionally and with "wilful disregard." It appears to the court that plaintiffs are pleading alternative theories of liability, which they are entitled to do.  The court therefore cannot conclude that defendant Pittman is entitled to dismissal of the negligence claim.

Defendants do not request dismissal of the negligence claim against the other individual defendants, Wardlaw and Westfall.  Plaintiffs have clearly included these defendants in the negligence claim.  *See*, Complaint, ¶¶ 32, 18.  As is the case with respect to defendant Pittman, dismissal of these defendants is not appropriate.  The court therefore concludes that defendants' motion should be denied as to the negligence claim against the individual defendants.

<u>Negligent Assault and Battery Claim</u>

The school district defendants seek to dismiss the negligent assault and battery claim on the basis that "there is nothing to indicate that assault and battery is in any way within the scope of [defendant] Westfall's employment or performed as a part of the good faith performance of school-related duties."  *See*, defendants' motion, p. 7. The court disagrees.  In <u>Nail v. City of Henryetta</u>, 911 P.2d 914, 917-918 (Okla. 1996), the Oklahoma Supreme Court stated:

> As a general rule, it is not within the scope of any employee's employment to commit an assault on a third person.  However, this general rule does not apply when the act is one which is "fairly and naturally incident to the business," and is done "while the servant was engaged upon the master's business and be done, although mistakenly or ill advised, with a view to further the master's interest, or from some

5

impulse of emotion which naturally grew out of or was incident to the attempt to perform the master's business." An employee's act is within the scope of employment if it is incident to some service being performed for the employer or arises out of an emotional response to actions being taken for the employer.

The court cannot say, based upon the allegations in the complaint, that the imposition of discipline (and defendant Westfall's other alleged actions) would not fall within defendant's scope of employment.

The school district defendants also contend that plaintiffs have not alleged any harmful or offensive touching or the intent to create the apprehension of a harmful or offensive touching. Viewing the allegations in the complaint as true, for purposes of defendants' motion, the court concludes that plaintiffs have stated a claim against the school district defendants that is plausible on its face. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).

The court concludes that defendants' motion should be denied as to the negligence claim based upon the school district defendants failure to protect D.T. from the personal injury caused by the unusual punishments that were administered in an excessive manner; failure to take remedial action to remedy the assault before and after the incident; failure to provide a safe and secure school environment; failure to take remedial action to remedy the abuse (and failure to take corrective action) and negligent interference with the ability of D.T. to receive an education free of injury and intimidation.

Negligent Infliction of Emotional Distress Claim

Defendants contend that plaintiffs' negligent infliction of emotional distress claim must be dismissed because Oklahoma does not recognize negligent infliction of emotional distress as an independent tort. In addition, the allegations supporting

the claim (*i.e.* the administering of swats) are in error because they do not apply to this case.

The court concludes that plaintiffs' negligent infliction of emotional distress claim should be dismissed.  Defendants correctly assert that Oklahoma does not recognize negligent infliction of emotional distress as an independent tort.  *See*, Kraszewski v. Baptist Med. Ctr. of Oklahoma, Inc., 916 P.2d 241, 243 n. 1 (Okla. 1996).  "[I]t is in effect the tort of negligence."  Mason v. Bd. of Regents of the Univ. of Oklahoma, 23 P.3d 964, 969 (Okla.Civ.App. 2001) (citing Lockhart v. Loosen, 943 P.2d 1074, 1081 (Okla.1997)); *see also* Wilson v. Muckala, 303 F.3d 1207, 1213 (10th Cir. 2002) (negligent infliction of emotional distress is not an independent tort, but is in effect the tort of negligence).  Because plaintiffs have already pled a claim of negligence and the allegations supporting the negligent infliction of emotional distress also support the negligence claim,[4] the court concludes that dismissal of plaintiffs' negligent infliction of emotional distress claim is appropriate.

Section 1983 Claim

Defendants assert that dismissal of plaintiffs' § 1983 claim is required because the claim is precluded by the IDEA.  According to defendants, plaintiffs appear to be asserting rights under § 1983 for violations of the IDEA.  Relying upon Padilla v. School Dist. No. 1 in the City and County of Denver, Colorado, 233 F.3d 1268 (10th Cir. 2000) and Southwest Air Ambulance, Inc. v. The City of Las Cruces, 268 F.3d 1162 (10th Cir. 2001), defendants contend that § 1983 remedies are not available for IDEA violations.

---

[4] The court agrees with defendants that the allegations in regard to "swats" in the negligent infliction of emotional distress claim are in error.  However, plaintiffs do not rely solely on those allegations to support their claim.  They have incorporated all the allegations made in the complaint in regard to defendants' alleged conduct to support their negligent infliction of emotional distress.

To the extent that plaintiffs' § 1983 claim is not based upon IDEA violations, defendants contend that the claim fails to state a claim for relief.  Defendants contend that plaintiffs have not alleged any official action of the Board of Education which caused D.T.'s alleged deprivation of rights.  In addition, defendants contend that plaintiffs have not pled facts showing that each individual defendant participated in conduct while acting under color of state law which resulted in the alleged deprivation of rights.

Plaintiffs, in response, acknowledge that § 1983 remedies are not available for violations that arise only under IDEA.  However, they contend that their § 1983 claim is not premised upon the asserted IDEA violations.  They contend that they have alleged facts which establish a violation of D.T.'s substantive due process rights under the Fourteenth Amendment.  Plaintiffs also contend that the complaint alleges that each of the individual defendants and the school board participated in the violation of D.T.'s constitutional rights.

Viewing the factual allegations in a light most favorable to plaintiffs, the court concludes that plaintiffs' complaint does allege a violation of D.T.'s Fourteenth Amendment right to substantive due process.  At this stage, defendants have not challenged the merits of plaintiffs' claim and the court does not address the merits of the claim.  The court concludes that plaintiffs have alleged a violation of D.T.'s constitutional rights under the Fourteenth Amendment to support the § 1983 claim. The court also concludes that plaintiffs have alleged sufficient facts to proceed with the § 1983 claim against the individual defendants and the Board of Education. Therefore, the court concludes that dismissal of the § 1983 claim is not warranted.

IDEA Claim

Defendants contend that plaintiffs' IDEA claim must be dismissed because plaintiffs failed to exhaust their administrative remedies.  Defendants contend that

plaintiffs' bald assertion in the complaint that exhaustion would have been futile or inadequate is not sufficient. The individual defendants also contend that they may not be held liable on the IDEA claim because the statute is applicable to school districts and not individual employees or officers of the school districts.

Plaintiffs contend that they have alleged that exhaustion of administrative remedies would be inadequate and futile because of defendants' structural or systematic failure to provide D.T. with an IEP or any other assistance for his disability. Further, they seek systemwide reforms of defendants' policies toward handicapped children such as D.T.

Generally, a plaintiff must exhaust his administrative remedies before filing suit under the IDEA. Padilla, 233 F.3d at 1274. The Supreme Court, however, has recognized that exhaustion of administrative remedies may be excused "where exhaustion would be futile or inadequate." Honig v. Doe, 484 U.S. 305, 327 (1988). According to the Tenth Circuit, "[a]dministrative remedies are generally inadequate or futile where plaintiffs allege structural or systemic failure and seek systemwide reforms." Association for Community Living in Colorado v. Romer, 992 F.2d 1040, 1044 (10th Cir. 1993).

Upon review of the complaint, the court concludes that dismissal of the IDEA claim against the school district defendants is not appropriate. Plaintiffs have alleged structural or systemic failure and do seek systemwide reforms. Therefore, an exception to exhaustion of administrative remedies may apply in this case. At this stage, the court concludes that plaintiffs' IDEA claim may proceed. Defendants may re-urge the exhaustion issue on summary judgment, if appropriate. Plaintiffs concede that the individual defendants are not subject to liability under the IDEA. In light of plaintiffs' concession that the individual defendants are not subject to liability

under the IDEA, the court concludes that defendants' motion should be granted as to the IDEA claim against the individual defendants.

Title IX Claim

The individual defendants contend that plaintiffs have failed to state a claim against them under Title IX because liability under Title IX may only be imposed against the recipient of federal funds. According to the individual defendants, the complaint fails to set forth any allegations that they are recipients of federal funds. The school district defendants also assert that plaintiffs have failed to state a claim against them because Title IX provides a cause of action against recipients of federal funds for sex discrimination or sexual harassment. The school district contends that plaintiffs have failed to set forth any allegations that D.T. was discriminated against on the basis of his gender or that he was subjected to sexual harassment.

In response, plaintiffs concede that Title IX does not apply to the allegations in the complaint and that the individual defendants are not liable under Title IX.

In light of plaintiffs' concession, the court concludes that defendants' motion should be granted as to the Title IX claim.

ADA and Section 504 Claims

As with the IDEA claims, the school district contends that the ADA and section 504 claims must be dismissed because plaintiffs failed to exhaust their administrative remedies.

Plaintiffs, in response, contend that exhaustion would be futile or inadequate.

For the reasons previously stated with respect to the IDEA claim, the court concludes that dismissal of the ADA and section 504 claims against the school district defendants is not appropriate at this time.

The individual defendants contend that plaintiffs' ADA claims must be dismissed because they do not fall within the definition of a "public entity" and

therefore are not subject to the provisions of Title II of the ADA.  As with the Title IX claims, defendants contend that plaintiffs' section 504 claims must be dismissed because they are not recipients of federal funds.

Plaintiffs, in response, concede that the individual defendants are not subject to liability under either the ADA or section 504 of the Rehabilitation Act.

Based upon this concession, the court concludes that defendants' motion, to the extent it seeks dismissal of the ADA and section 504 claims against the individual defendants, should be granted.

Compensatory and Punitive Damages Against the School District Defendants

The school district defendants contend that plaintiffs' request for compensatory and punitive damages under the IDEA should be dismissed because the IDEA does not create a private right of action for damages.  It also contends that plaintiffs' request for punitive damages with respect to the claims under the ADA, section 504 and § 1983 should be dismissed because case authority precludes the recovery of punitive damages against the school district.

Relying upon a decision by the Honorable Ralph G. Thompson in Glasgow v. Board of Education, District I-002, Case No. CIV-04-1643-T, plaintiffs contend that compensatory damages may be available under the IDEA.

As to the request for punitive damages, plaintiffs concede that they are not entitled to recover such damages against the school district.

The undersigned, like Judge Thompson, cannot conclude as a matter of law that compensatory damages are not available under the IDEA.  The court therefore concludes that defendants are not entitled to dismissal of the compensatory damages request under the IDEA.  Therefore, the court finds that defendants' motion should be denied as to plaintiffs' request for compensatory damages under the IDEA.

As plaintiffs have conceded that they are not entitled to punitive damages against the school district defendants, the court concludes that defendants' motion should be granted to the extent that plaintiffs request punitive damages against the school district defendants.

Based upon the foregoing, the Motion to Dismiss on Behalf of All Defendants, filed September 10, 2008 (doc. no. 12) is **GRANTED in part** and **DENIED in part**.

The motion is **GRANTED** as to plaintiffs' negligence claim against the school district defendants to the extent that it is based upon that the school district defendants failure to maintain an appropriate system of review of the administering of unusual punishment to small students; failure to maintain an appropriate screening procedure that would identify students who are prone to suffer excessive psychological problems from the administering of unusual punishment and failure to adopt and maintain a policy for the control and disciplining of "high risk" students such as D.T. that did not involve the use of unusual punishment.

The motion is **GRANTED** as to plaintiffs' negligent infliction of emotional distress claim, plaintiffs' Title IX claim and plaintiffs' request for punitive damages against the school district defendants.

The motion is **DENIED** as to plaintiffs' negligence claim to the extent that it is based upon the school district defendants' failure to protect D.T. from the personal injury caused by the unusual punishments that were administered in an excessive manner; failure to take remedial action to remedy the assault before and after the incident; failure to provide a safe and secure school environment; failure to take remedial action to remedy the abuse and failure to take corrective action and negligent interference with the ability of D.T. to receive an education free of injury and intimidation.

The motion is **DENIED** as to plaintiffs' negligence claim against the individual defendants.

The motion is **DENIED** as to plaintiffs' negligent assault and battery claim, IDEA claim, ADA claim, section 504 claim and plaintiffs' request for compensatory damages as to the IDEA claim.

**DATED** November 24, 2008.

_____

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-0572p003.wpd